FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSH WISE,

Plaintiff,

v.

UNITED HEALTHCARE, et al.,

Defendants.

No. 2:26-CV-00330-MKD

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**ECF No. 8**

Before the Court is Plaintiff's Motion to Remand. ECF No. 8. Plaintiff is proceeding *pro se*. Defendant Care Improvement Plus South Central Insurance Co. ("United"), which Plaintiff named as United Healthcare, is represented by Barbara Duffy and Aaron Schaer. The Court has reviewed the record and is fully informed. For the reasons discussed below, the Court grants the motion.

## BACKGROUND

Plaintiff filed this action in Spokane County Superior Court on June 17, 2026. ECF No. 1 at 2. The Complaint asserts Washington law claims for medical malpractice, negligence, fraud, and breach of contract arising from the handling of

a prescription refill and an RSV vaccination. ECF No. 1-2 at 4-5, 9-13. During the events alleged in the Complaint, Plaintiff was enrolled in a Medicare Advantage plan administered by United that included prescription drug coverage. ECF No. 3 at 2.

Plaintiff alleges that Defendant delayed processing a prescription refill, leaving him without quetiapine for approximately four days and unable to sleep. ECF No. 1-2 at 4-5. He also requested an RSV vaccination during a May 21, 2026, appointment after his MyChart application indicated that the vaccination was recommended and available to him. *Id.* at 4. According to Plaintiff, staff advised him that coverage would be checked, but the vaccination was not administered and no alternative arrangements were made. *Id.*

Plaintiff subsequently informed his provider that Safeway had advised him that prior authorization from United was required. *Id.* On May 28, a supervisor in the doctor's office represented that an authorization request had been submitted to United. *Id.* at 5. Plaintiff alleges that no request had been submitted at that time. *Id.* On June 5, a medical assistant informed him that she had contacted Safeway and United and that only a prescription was necessary to obtain the vaccination. *Id.* Plaintiff alleges that these conflicting communications delayed his vaccination and required repeated efforts to obtain accurate information. *Id.* at 6-8.

Plaintiff's negligence and fraud claims against United concern insurance

coordination, authorization requirements, and the information communicated to him and his healthcare providers. *Id.* at 11, 13. His contract claim alleges that Defendants failed to perform obligations arising from healthcare and insurance agreements in a reasonable and timely manner. *Id.* at 12. Plaintiff seeks damages for emotional distress, loss of sleep, inconvenience, time spent addressing the alleged errors, and travel and healthcare expenses. *Id.* at 6-8, 15.

United was served on July 8, 2026, and removed the action on August 6, 2026, invoking 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and 42 U.S.C. § 405. ECF No. 1 at 1-2. United asserts that Plaintiff's claims arise under the Medicare Act because United administered Plaintiff's Medicare Advantage plan under a contract with the Centers for Medicare and Medicaid Services ("CMS"). *Id.* at 3-6. United also relies on Medicare preemption and invokes supplemental jurisdiction over the remaining claims. *Id.* at 6-8.

Plaintiff moved to remand on August 13, 2026, arguing that his Complaint presents only state law claims and that Medicare preemption does not establish removal jurisdiction. ECF No. 8 at 1. He explains that United told his doctor's office that a prescription was sufficient to obtain the vaccination while telling Safeway that prior authorization was required. *Id.* Plaintiff reports that he ultimately obtained authorization and received the vaccination. *Id.* He requests remand of the entire action and an award of actual costs and expenses incurred

because of removal. *Id.*

United opposes remand, maintaining that Plaintiff's claims arise under federal law because they concern its administration of Medicare Advantage benefits. ECF No. 14 at 13-18. United also asserts federal officer jurisdiction based on its role in administering those benefits under CMS's direction. *Id.* at 11-12.

## LEGAL STANDARD

Removal of a civil action to federal district court is proper where the federal court would have original jurisdiction over the civil action. 28 U.S.C. § 1441(a); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). The removing defendant bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If subject matter jurisdiction is absent, the action must be remanded. 28 U.S.C. § 1447(c). Federal question jurisdiction ordinarily depends on the claims appearing on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). A federal defense, including preemption, generally does not provide a basis for removal. *Id.* at 393.

## DISCUSSION

United asserts federal question jurisdiction under the Medicare Act and federal officer jurisdiction based on its role in administering Medicare Advantage

benefits. It also invokes supplemental jurisdiction over the remaining claims. Plaintiff requests costs and expenses under 28 U.S.C. § 1447(c). The Court addresses each in turn.

**A. Federal Question Jurisdiction**

Plaintiff pleads only state law claims. United contends that the negligence, fraud, and contract claims against it nevertheless arise under federal law because they concern the administration of Plaintiff's Medicare Advantage plan. ECF No. 14 at 13-14.

A claim arises under the Medicare Act when the Act provides the standing and substantive basis for the claim or when the claim is inextricably intertwined with a claim for Medicare benefits. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010). The inquiry concerns the substance of the claim: a plaintiff complaining about the denial of benefits cannot avoid the Act's administrative requirements by requesting damages beyond the benefits themselves. *Id.* at 1142-43. Claims based on inaccurate statements may be collateral when they can be resolved without determining entitlement to Medicare benefits. *Id.* at 1145.

Plaintiff alleges that Defendants provided inconsistent information concerning the authorization required for an RSV vaccination and falsely represented that an authorization request had been submitted. ECF No. 1-2 at 4-6.

His negligence and fraud claims concern those communications and Defendants' handling of his care. *Id.* at 11, 13. The Complaint does not identify an adverse coverage determination or allege that United refused to pay a covered expense.

United relies particularly on Plaintiff's allegation that it breached an insurance agreement. ECF No. 14 at 13. The contract claim alleges that Defendants failed to perform their obligations in a reasonable and timely manner. ECF No. 1-2 at 12. It identifies no unpaid benefit or disputed coverage provision. United's declaration confirms Plaintiff's enrollment in a Medicare Advantage plan but identifies no benefits determination underlying his claims. ECF No. 3 at 2.

Plaintiff acknowledges that prior authorization was required for the vaccination. ECF No. 8 at 1. He contends that United gave his doctor's office incorrect information about that requirement. *Id.* United has not identified a disputed coverage criterion or benefits determination that the Court would have to resolve to adjudicate the alleged communications and delay. On this record, United has not established that Plaintiff's claims are inextricably intertwined with a claim for Medicare benefits.

Even if Plaintiff's claims were construed as claims for Medicare benefits, United has not established jurisdiction under the Act's review provisions. Section 405(h) forecloses § 1331 jurisdiction over claims arising under the Act and directs judicial review through § 405(g), subject to the prescribed administrative

requirements. *Uhm*, 620 F.3d at 1140-41. United acknowledges that Plaintiff apparently has not exhausted those remedies and identifies neither a final agency decision nor a basis for excusing exhaustion. ECF No. 14 at 11.

United instead maintains that the Court should retain the action and address exhaustion in a later motion to dismiss. *Id.* at 14. When jurisdiction is absent, however, § 1447(c) ordinarily requires remand. *Global Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022). The "narrow futility exception" permits dismissal only when there is "'absolute certainty' that the state court would dismiss the action following remand." *Id.* United has not shown that Plaintiff's malpractice and other claims against the remaining Defendants are subject to Medicare's exhaustion requirement. Because the Court cannot conclude with absolute certainty that the state court would dismiss the entire action, the futility exception does not apply.

United's reliance on express preemption does not establish federal question jurisdiction. ECF No. 14 at 17-19. The Medicare Act does not completely preempt state law claims because it does not provide a substitute federal cause of action permitting removal. *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1155 (9th Cir. 2013). Whether federal standards preempt any of Plaintiff's claims under 42 U.S.C. § 1395w-26(b)(3) is a defense for the state court to consider.

United also argues that the claims present an embedded federal issue. ECF

No. 14 at 15-16. Such jurisdiction requires a federal issue that is necessarily raised, actually disputed, substantial to the federal system, and capable of resolution "without disrupting the congressionally approved balance of federal and state judicial responsibilities." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). United identifies no disputed federal issue that must be resolved to determine whether Defendants provided inaccurate information or failed to perform the obligations alleged in the Complaint. Its general reliance on the federal regulation of Medicare Advantage plans also does not establish that this dispute is substantial to the federal system as a whole. *See id.* at 260. United has not established jurisdiction on this basis.

**B. Federal Officer Removal**

United alternatively argues that its role in administering Medicare Advantage benefits under CMS's direction supports federal officer jurisdiction. ECF No. 14 at 11-12. The Notice of Removal invokes 28 U.S.C. § 1331 and discusses United's CMS contract as the basis for its contention that Plaintiff's claims arise under the Medicare Act. ECF No. 1 at 3-5. It does not assert a right to remove under 28 U.S.C. § 1442 as a person acting under a federal officer.

After the removal period expires, a defendant may correct defective allegations supporting an existing jurisdictional ground but may not add a separate

basis for removal. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000); *see also Wang v. United Healthcare of Wash., Inc.*, 2025 WL 593094, at *4 n.2 (W.D. Wash. Feb. 24, 2025) (declining to consider § 1442 as a basis for removal where the defendant had not invoked it in its notice of removal and an amendment would have been untimely). United was served on July 8, 2026, and first advanced its federal officer theory in its September 3, 2026, response. ECF No. 1 at 2; ECF No. 14 at 11-12. That theory presents a new statutory ground for removal after expiration of the 30-day removal period. United's reliance on *Global Rescue Jets* is misplaced. There, the Ninth Circuit construed "officer or employee" for purposes of § 405(h)'s jurisdictional restriction and expressly reserved whether Medicare Advantage organizations qualify under the federal officer removal statute. 30 F.4th at 917 n.5.

The Court therefore declines to consider 28 U.S.C. § 1442 as an additional ground for removal. It does not decide whether United could otherwise satisfy that statute's requirements. Because United has not established original jurisdiction over any claim, 28 U.S.C. § 1367 provides no basis for retaining the remaining claims. The entire action must be remanded under 28 U.S.C. § 1447(c).

**C. Costs and Expenses**

Plaintiff requests actual costs and expenses under 28 U.S.C. § 1447(c). ECF No. 8 at 1. Section 1447(c) permits an award of costs and expenses when such an

award is just. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). Plaintiff's contract allegations and their relationship to the administration of Medicare benefits provided an objectively reasonable basis for seeking removal, although United has not established jurisdiction. Plaintiff also has not identified any specific cost or expense caused by removal. The Court accordingly denies the request for costs and expenses.

**CONCLUSION**

For the reasons stated above, the Court grants Plaintiff's motion to remand this matter and denies Plaintiff's request for costs and expenses.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, **ECF No. 8**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **REMAND** this matter to the Spokane County Superior Court, pursuant to 28 U.S.C. § 1447(c), provide copies to the parties, and **CLOSE THE FILE**.

DATED September 24, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE